9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory L. ZAETLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3834.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.*
Decided Nov. 2, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 While serving a thirty-year sentence for murder in a Florida state penitentiary, Gregory Zaetler pleaded guilty to conspiring to commit access device fraud and wire fraud, in violation of 18 U.S.C. Secs. 1029(a)(2), 1029(b)(2), 1343, and 371. He was sentenced to ten months in prison, to be served concurrently with the Florida sentence, and to two years of supervised release, to be served upon his release from prison. Zaetler's federal sentence began on June 14, 1991.
 
 
 2
 In June of 1992 Zaetler filed a motion in the district court pursuant to 28 U.S.C. Sec. 2255, seeking credit against his federal sentence for time he spent in federal custody prior to sentencing. If given such credit (which the parties agree amounts to 212 days), Zaetler's term of incarceration for his federal offenses would have expired in July of 1991 rather than in April of 1992. The court dismissed this motion for want of jurisdiction, finding that Zaetler had failed to exhaust his administrative remedies. In October of 1992, after exhausting his administrative remedies (and failing to obtain the relief he sought), Zaetler filed a second Sec. 2255 motion with the district court seeking the same credit toward his federal sentence. The court denied the motion because 18 U.S.C. Sec. 3585(b) provides that a defendant shall be given credit for the time he has spent in official detention prior to the date his sentence commences only if that time has not been credited against another sentence, and Zaetler had received credit on his state sentence for the time he spent in federal custody prior to the date his federal sentence commenced. Zaetler appeals.
 
 
 3
 Zaetler completed his ten-month term of incarceration for his federal offenses six months before he brought this action in the district court. Thus the subject of this litigation--whether Zaetler should receive 212 days' credit against his federal sentence--is not a live case or controversy. See North Carolina v. Rice, 404 U.S. 244, 248 (1971). The unsatisfied two-year period of supervised release does not preserve a case or controversy between Zaetler and the United States because Zaetler must serve the supervised release portion of his federal sentence upon his release from the Florida state penitentiary whether he completed his term of incarceration for his federal offenses in July of 1991 or in April of 1992. See 18 U.S.C. Sec. 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned, in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.").
 
 
 4
 The judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss as moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record